UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY TARNE ) | Case Number |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| BANK OF AMERICA, NA ) | |
| ) | |
| & ) | JURY TRIAL DEMANDED |
| COLLECTCORP CORPORATION ) | |
| ) | |
| & ) | |
| BUDZIK & DYNIA, LLC ) | |
| ) | |
| Defendants ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Anthony Tarne, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Anthony Tarne, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants, CollectCorp and Budzik & Dynia for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 et seq., which both prohibit debt collectors from engaging in abusive, deceptive and unfair practices, as well as, Defendants, Bank of America and CollectCorp for Breach of Contract and Civil Conspiracy.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendants conduct business in the District and Defendant, Bank of America maintains a primary office location in this District.

## III. PARTIES

4. Plaintiff, Anthony Tarne, is an adult natural person residing at 311 Frankfort Avenue, Huntington Beach, CA 92648. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Bank of America, NA, ("Defendant, Bank of America"), is and was a banking corporation with core services that include consumer and small business banking, credit cards, and asset management. They are also engaged in the business of collection on said credit cards in the Commonwealth of Pennsylvania and the State of California with a principal place of business located at 2900 South Eagle Road, Newtown, PA 18940.

6. Defendant, CollectCorp Corporation ("Defendant, CollectCorp"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of California with its principal location located at 455 North 3rd Street, Suite 260 Phoenix, AZ 85004 and a location at 116 Pine Street, Ste 320, Harrisburg, PA 850047.

7. Defendant, Budzik & Dynia, LLC, ("Defendant, Budzik") at all times relevant hereto, is and was a Limited Liability Company engaged in the business of

collecting debt within the Commonwealth of Pennsylvania and the State of California with its principal place of business located at 4345 North Milwaukee Avenue, Chicago, Ill 60641.

8. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants, CollectCorp and Budzik are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

9. On or about September 8, 2010, Plaintiff with the help of his personal legal counsel entered into a settlement arrangement with Defendant, CollectCorp to pay on a debt allegedly owed to Defendant, Bank of America. **See "EXHIBIT A" (letter) attached hereto**.

10. Plaintiff's balance at the time of settlement was said to be approximately $3,788.80.

11. Defendant, CollectCorp, agreed to accept $1,350.00 as a settlement on this account.

12. According to the terms of the account, Plaintiff was to make three (3) monthly payments to Defendant, CollectCorp, until the balance was paid in full.

13. Plaintiff's first payment of $700.00 was due on or before September 28, 2010.

14. Plaintiff's second and final payments in the amount of $325.00 each were due to be paid on the 28th of October and November, 2010.

15. Defendant, CollectCorp, stated that in return for receipt of all required payments, the Plaintiff's account would be considered settled and the Plaintiff would not be obligated to pay the remaining balance.

16. On or about September 13, 2010, Plaintiff issued first payment to Defendant, CollectCorp, as agreed.

17. Plaintiff's payment was sent and received on time.

18. Defendant, CollectCorp, accepted payment.

19. Defendant, CollectCorp, did not return payment.

20. On or about October 13, 2010, Plaintiff with aid from his personal legal counsel sent the second payment as promised to Defendant, CollectCorp.

21. Plaintiff's check was sent and received on time.

22. However, Defendant, CollectCorp, quickly returned Plaintiff's second payment and informed the Plaintiff that the settlement arrangement was now voided.

23. Defendant, CollectCorp, gave no explanation as to why the settlement agreement had been discontinued when the Plaintiff was paying as agreed upon.

24. On or about March 7, 2011, Plaintiff started to receive calls from an agent of Defendant, Budzik, named "John".

25. Defendant, Budzik's, agent, "John", stated that he was calling on behalf of Defendant, Bank of America, and that Defendant, Bank of America, would be taking the Plaintiff to court because of his delinquent account.